IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.  5:24-CR-488 (DNH) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **BARBARA DEYEAR,** | ) | Violation:  26 U.S.C. § 7202 |
| | ) | [Willful Failure to Collect or |
| **Defendant.** | ) | Pay Over Tax] |
| | ) | |
| | ) | 13 Counts |
| | ) | |
| | ) | County of Offense:   Jefferson |

### THE GRAND JURY CHARGES:

#### Introduction

1. At all times relevant to this Indictment, the Defendant, **BARBARA DEYEAR**, was the co-owner, president, and operator of Independent Commercial Contractors, Inc. ["ICC"], a corporation doing demolition and general contracting work with its principal place of business in Lorraine, New York.

2. At all times relevant to this Indictment, ICC withheld amounts from their employees' gross pay, including Federal Insurance Contribution Act ["FICA"] taxes, which represent Social Security and Medicare taxes, and federal income taxes. These withheld amounts will be referred to in this Indictment collectively as "trust fund taxes," because after deducting these taxes from employees' gross pay, employers are required to hold the money in trust until paying it over to the United States.

3. ICC was required to remit these withheld, trust fund amounts to the Internal Revenue Service ("IRS") on a quarterly basis, no later than the last day of the month following the end of the quarter. By the same deadline, ICC was also required to file an Employer's Quarterly Federal Tax Return, Form 941 ["Form 941"], setting forth the total amount of income

taxes withheld by ICC, the total amount of Social Security and Medicare taxes dues, and the total tax deposits by ICC.

4. As the co-owner, president, and operator of ICC, Defendant **DEYEAR** had and exercised significant control over ICC's financial affairs, by, among other acts, controlling payroll; signing checks; filing tax returns; approving payments; and controlling ICC's bank accounts and credit cards. Thus, Defendant **DEYEAR** was responsible for collecting, truthfully accounting for, and paying over to the United States the trust fund taxes imposed on ICC's employees by the Internal Revenue Code.

5. Through tax year 2014, Defendant **DEYEAR** regularly filed tax returns (Forms 941) with the Internal Revenue Service on behalf of ICC. Beginning in tax year 2015 and continuing through tax year 2022, Defendant **DEYEAR** failed to file tax returns (Forms 941) on behalf of ICC. On December 24, 2015, the Internal Revenue Service issued ICC a letter notice regarding ICC's unfiled Forms 941 and outstanding employment tax liabilities.

6. On or about July 30, 2020, Defendant **DEYEAR** applied for a loan for ICC through the Paycheck Protection Program ("PPP"), a federally backed loan program designed to help small businesses during the global COVID-19 pandemic. In connection with this loan application, which was later approved, Defendant **DEYEAR** attached Forms 941 for ICC for the tax periods ending September 30, 2019, and December 31, 2019. These Forms 941 were marked as file copies, but they were never filed with the IRS.

7. Defendant **DEYEAR** regularly used funds held by ICC, including money collected and withheld from employees' gross pay as trust fund taxes, to pay for personal expenditures made by her and by Individual 1, who was the vice-president and co-owner of ICC.

8. Beginning with the third quarter of tax year 2019 and continuing through the third quarter of tax year 2022, Defendant **DEYEAR** made no payments to the Internal Revenue Service and filed no Forms 941 on behalf of ICC, even though ICC collected more than $135,000 in trust fund taxes from its employees' paychecks during this period.

## COUNTS 1-13
### [Willful Failure to Collect or Pay Over Tax]

9. Paragraphs 1 through 8 of this Indictment are incorporated by reference and re-alleged as if fully set forth herein.

10. On or about the dates listed in the table below, in Jefferson County in the Northern District of New York and elsewhere, the Defendant, **BARBARA DEYEAR**, a person required under Title 26 of the United States Code to collect, account for, and pay over tax imposed by that Title, did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the trust fund taxes due and owing to the IRS on behalf of Independent Commercial Contractors, Inc. for each of the following calendar quarters, with each quarter constituting a separate count:

| Count | Calendar Quarter Ending | Due Date | Trust Fund Taxes Due and Owing to IRS on Due Date |
|---|---|---|---|
| 1 | Q3 2019 | October 31, 2019 | $18,920.03 |
| 2 | Q4 2019 | January 31, 2020 | $18,920.03 |
| 3 | Q1 2020 | April 30, 2020 | $8,450.20 |
| 4 | Q2 2020 | July 31, 2020 | $8,450.20 |
| 5 | Q3 2020 | October 31, 2020 | $8,450.20 |
| 6 | Q4 2020 | January 31, 2021 | $8,450.20 |
| 7 | Q1 2021 | April 30, 2021 | $10,494.05 |

| Count | Calendar Quarter Ending | Due Date | Trust Fund Taxes Due and Owing to IRS on Due Date |
|---|---|---|---|
| 8 | Q2 2021 | July 31, 2021 | $10,494.05 |
| 9 | Q3 2021 | October 31, 2021 | $10,494.05 |
| 10 | Q4 2021 | January 31, 2022 | $10,494.05 |
| 11 | Q1 2022 | April 30, 2022 | $7,287.61 |
| 12 | Q2 2022 | July 31, 2022 | $7,287.61 |
| 13 | Q3 2022 | October 31, 2022 | $7,287.61 |

In violation of Title 26, United States Code, Section 7202.

Dated:   December 11, 2024

A TRUE BILL,

Grand Jury Foreperson

CARLA B. FREEDMAN
United States Attorney

By: _____
Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

4